## WASHBURN v. WEEKS.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

WILLS—CONTRACT TO MAKE.

    A bond was conditioned that the obligor should, by will, leave to his wife $4,000, and a life-use of $4,000 additional. By his will he gave her the use of his entire estate, which did not exceed $4,000, with power to use the principal. *Held*, that her expression of satisfaction with the will was not a waiver of her rights under the bond, and that her executor was entitled to the unused portion of the estate after her death.

Appeal from special term, Westchester county.

Reference of a claim by Isaiah Washburn, executor of Mary F. Mathews, against the estate of Joseph Mathews. The claimant appeals from a judgment confirming the report of a referee allowing the claim. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Joseph C. Crane*, for appellant. *Thomas Lawrence*, for respondent.

BARNARD, P. J. On the 24th of March, 1868, Joseph Mathews executed to Sanford H. Weeks, Jr., a bond in the penal sum of $12,000, conditioned that the same should be void if Joseph Mathews left by his will to his wife the sum of $4,000, and the life-use in $4,000 additional. On the same day Weeks assigned the bond to Mary F. Mathews. Joseph Mathews died in 1883, leaving real and personal property, together amounting to $4,000. Mrs. Mathews died in 1885. The bond was given for money belonging to the wife which she let her husband have. The claim is a just one, and no defense was proven to it. By Joseph Mathews' will the use of all his property was given to his wife for life, with power to use the principal, if necessary, for his wife's support. She was entitled to the $4,000, besides the use of $4,000 more. He had but one $4,000, and when he paid his debt there was nothing left. Neither payment nor satisfaction of the bond is established, even if Mrs. Weeks said she was satisfied after her husband's death with his will. The case is not one where the wife may be compelled to elect. As to $8,000, her rights were independent of the will. The testator, Mr. Mathews, was bound to leave his wife that sum, one-half in cash and the use of the other half. Nothing but payment will satisfy the bond or a release with full knowledge of the facts. The report of the referee was confirmed on motion, and judgment ordered. No other direction was needed to make a valid judgment in the case; the same should therefore be affirmed, with costs.